**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, :
:
Plaintiff,
vs. : CA 06-0813-C

SANDERS HYLAND CORPORATION, :
:
Defendant.

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on defendant's motion to dismiss or, in the alternative, motion to stay (Doc. 5), plaintiff's memorandum of law in opposition (Doc. 8), and the defendant's reply (Doc. 15). The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this case, including disposition of the defendant's motion. (Docs. 9 & 14 ("In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.")) Upon consideration of the contents of the foregoing pleadings, the Court **DENIES** defendant's motion to dismiss and alternative

motion to stay this action pending the resolution of a petition to compel arbitration that is presently before the United States District Court for the Middle District of Alabama in *W.G. Yates & Sons Construction Co. v. Ard Contracting, Inc & Sanders Hyland Corp*., Case No. 2:04-CV-664-WKW-TFM (M.D. Ala. 2004).[1]

**FINDINGS OF FACT**

1. Plaintiff American Casualty Company of Reading, Pennsylvania ("American Casualty") filed a complaint for declaratory--and other--relief in this Court on November 28, 2006. (Doc. 1)

**THE NATURE OF THIS ACTION**

> 1. This declaratory judgment and money judgment action arises out of demands that American Casualty provide defendant Sanders-Hyland Corporation ("Sanders") with a defense and indemnity in connection with an arbitration claim by W.G. Yates & Sons Construction Company filed with the American Arbitration Association on May 23, 2003 (the "Yates Claim").
>
> 2. The Yates Claim arises out of the alleged defective construction of condominium units at Beach Club

---

[1] Any appeal taken from this memorandum opinion and order shall be taken to the Eleventh Circuit Court of Appeals. (*See* Docs. 9 & 14 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

Condominiums in Fort Morgan, Baldwin County, Alabama.[2]

3. Subject to reservation of rights, American Casualty has been defending Sanders to date with respect to the Yates Claim.

4. In this declaratory judgment action, American Casualty respectfully requests a judicial determination that it has no obligation to provide a defense or indemnity to Sanders in connection with the Yates Claim. American Casualty's declaratory judgment action is based upon the terms, conditions, provisions and exclusions of a contract of insurance issued by American Casualty and on the grounds that, among other things, the allegations in the Yates Claim do not fall within the insuring agreement of the American Casualty insurance contract; the allegations in the Yates Claim are excluded from coverage under the express terms of the American Casualty insurance contract; and Sanders failed to comply with certain conditions precedent to coverage.

5. In addition, American Casualty is entitled to reimbursement, in whole or in part, from Sanders for any indemnity that American Casualty has incurred or will incur on Sanders' behalf with respect to the Yates Claim.

6. Alternatively, American Casualty is entitled to an allocation between any covered and the uncovered indemnity of Sanders with respect to the Yates Claim.

. . .

**THE *YATES* CLAIM**

---

[2] On July 7, 2004, W.G. Yates & Sons Construction Company filed a petition to compel arbitration in the United States District Court for the Middle District of Alabama against Ard Contracting, Inc. and Sanders Hyland Corporation. (*See W.G. Yates & Sons Construction Co. v. Ard Contracting, Inc.*, 2:04-cv-00664-WKW-TFM (M.D. Ala. 2004))

15. In the Yates Claim, Yates seeks to recover from Sanders and other entities for defective workmanship in the construction of condominium units at Beach Club Condominiums located at Fort Morgan, Baldwin County, Alabama. The Yates Claim alleges that W.G. Yates & Sons Construction was the general contractor for the project and that Sanders installed the ceramic floor tiles and did other tile work.

16. The Yates Claim further alleges that Sanders did tile work in an allegedly defective and faulty manner, and seeks recovery due to Sanders' allegedly defective work.

## THE AMERICAN CASUALTY INSURANCE CONTRACT

17. American Casualty issued to Sanders-Hyland Corporation insurance contract number C 2025690995, with a policy period of June 20, 2000 to June 20, 2001 (the "American Casualty insurance contract").

18. Sanders sought and seeks a defense and indemnity under the American Casualty insurance contract for the claims asserted against it in the Yates Claim.

19. The American Casualty insurance contract is subject to all of its terms, conditions, provisions, and exclusions, which are fully incorporated herein by reference.

20. American Casualty has no duty to defend or indemnify Sanders under the American Casualty insurance contract unless covered injury or damage alleged in the Yates Claim (a) was caused by an "occurrence"; (b) took place during the policy period; and (c) is not barred from coverage by the terms[,] conditions, limitations, and exclusions of the American Casualty insurance contract.

21. Based upon the terms, conditions, provisions, and exclusions of the American Casualty insurance contract,

American Casualty has no duty to defend or indemnify Sanders against the claims asserted in the Yates Claim. Therefore, American Casualty is entitled to a judicial declaration relieving it of any coverage obligation to Sanders in this action.

**FIRST CAUSE OF ACTION**

. . .

23. American Casualty is entitled to a declaration that there is no coverage obligation under the American Casualty insurance contract to defend and/or indemnify Sanders for the Yates Claim. Among other things:

a. There is no coverage for the Yates Claim on the grounds and to the extent that coverage is barred or otherwise not covered under the terms, provisions, conditions, exclusions and/or limitations of the American Casualty insurance contract, which is fully incorporated herein.

b. There is no coverage for the Yates Claim on the grounds and to the extent that any alleged injury and/or damage in the Yates Claim was not caused by an "occurrence" within the meaning of the American Casualty insurance contract.

c. There is no coverage for the Yates Claim on the grounds and to the extent that the Yates Claim does not allege covered "bodily injury" or "property damage" that takes place during the American Casualty insurance contract policy period.

d. There is no coverage for the Yates Claim on the grounds and to the extent that the claims do not fall within the Known or Continuing Injury or Damage Endorsement requiring, among other things, that no "Authorized Insured" "first knew", during the policy period, that "bodily injury" or "property damage" had occurred.

e. There is no coverage for the Yates Claim on the ground and to the extent that the fortuity, known loss, loss-in progress, or similar doctrines apply.

f. There is no coverage under the American Casualty insurance contract on the grounds and to the extent that exclusions related to "property damage" including exclusions j., k., l., m. and n. apply to bar coverage.

g. There is no coverage for the Yates Claim on the ground and to the extent that the American Casualty insurance contract (which is fully incorporated herein) excludes coverage for property damage to the insured's product and/or work.

h. There is no coverage for the Yates Claim on the ground and to the extent that the American Casualty insurance contract (which is fully incorporated herein) excludes coverage for property damage to real property on which an insured or any contractors or subcontractors working directly or indirectly on its behalf are performing operations.

i. There is no coverage for the Yates Claim on the ground and to the extent that the American Casualty insurance contract (which is fully incorporated herein) excludes coverage for property damage to property that must be restored, repaired or replaced because the insured's work was incorrectly performed on it.

j. There is no coverage for the Yates Claim on the ground and to the extent that the American Casualty insurance contract (which is fully incorporated herein) excludes coverage for property damage to impaired property or property that has not been physically injured, arising out of a defect, deficiency, inadequacy or dangerous condition in the insured's product or the insured's work, or a delay or failure by the insured or anyone acting on behalf of the insured to perform a contract or agreement in accordance with its terms.

k. There is no coverage for the Yates Claim on the ground and to the extent that the American Casualty insurance contract (which is fully incorporated herein) excludes coverage for damages claimed for any loss, cost or expense incurred by the insured or others for the loss of use, withdrawal, repair, replacement, adjustment, removal or disposal of the insured's product, work, or impaired property, if such product, work or property has [been] withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

l. There is no coverage for the Yates Claim on the ground and to the extent that anyone breached any conditions precedent to insurance coverage, including the obligation to provide timely written notice to American Casualty of any alleged occurrence, claim and suit, to immediately provide American Casualty with copies of any demands, notices, summonses, or legal papers, to make any voluntary payment, to incur any sum without prior written consent or to cooperate.

m. There is no coverage for the Yates Claim on the ground and to the extent that there is co-insurance, other insurance, self-insurance, deductibles, retentions, collateral sources of money, or other contractual indemnitors or to the extent the American Casualty insurance contract provides limited or no insurance based on an allocation and/or to the extent that the American Casualty insurance contract constitutes excess insurance.

n. There is no coverage for the Yates Claim on the ground and to the extent that fines, penalties, treble damages, exemplary damages, punitive damages and/or similar awards are assessed in the Yates Claim.

23. Based upon the foregoing, American Casualty is entitled to a judicial declaration that it has no coverage

obligation, defense or indemnity, under the American Casualty insurance contract with respect to the Yates Claim.

2[4]. Alternatively, American Casualty is entitled to an allocation between the uncovered and any covered claims for any indemnity with respect to the Yates Claim.

**SECOND CAUSE OF ACTION**

. . .

2[6]. American Casualty has been and is currently providing an interim defense to Sanders in connection with the Yates Claim, subject to a complete reservation of its rights.

2[7]. American Casualty is entitled to a money judgment, on grounds of unjust enrichment and contract, reimbursing it for any and all sums that may be paid as indemnity by American Casualty on Sanders' behalf in connection with the Yates Claim, plus interest.

**WHEREFORE**, plaintiff American Casualty Company of Reading, Pennsylvania prays for judgment:

1. With respect to the First Cause of Action, declaring that American Casualty owes no coverage obligation to Sanders, including no duty to defend or indemnify Sanders, with respect to the Yates Claim.

2. With respect to the Second Cause of Action, awarding American Casualty a money judgment for all uncovered sums, plus interest, incurred by American Casualty in connection with any indemnity of Sanders in the Yates Claim.

3. Awarding American Casualty its attorneys' fees, costs and disbursements incurred in this action and such other and further relief as the Court may deem just and proper.

(*Id*. at 1-2, 3-4, 5-7 & 8 (footnote added))

2. American Casualty is not a defendant in the arbitration litigation pending in the Middle District of Alabama. (*See W.G. Yates & Sons Construction Co. v. Ard Contracting, Inc*., 2:04-cv-00664-WKW-TFM (M.D. Ala. 2004))

3. Sanders Hyland filed its motion to dismiss, or in the alternative, motion to stay on January 3, 2007. (Doc. 5)

> COMES NOW, the Defendant, SANDERS HYLAND CORPORATION . . . and pursuant to Rule 12 of the *Federal Rules of Civil Procedure*, respectfully moves this Court for an Order dismissing the Plaintiff's Complaint for Declaratory and Other Relief for failure to state a claim upon which relief may be granted. Alternatively, SANDERS HYLAND respectfully moves the Court for an Order staying this action pending the resolution of a Petition to Compel Arbitration, as amended, that is presently pending before the United States District Court for the Middle District of Alabama, Northern Division (the "Yates Claim"). Specifically, SANDERS HYLAND submits that this case is due to be dismissed because some of the factual and/or legal issues posed by this declaratory judgment action will or may be raised in any primary or underlying proceedings addressing the Yates Claim.

(*Id*. (internal citations and footnote omitted))

4. Plaintiff filed its memorandum in opposition on January 24, 2007 (Doc. 8) and the defendant its reply on February 6, 2007 (Doc. 15). The motion is ripe for disposition.

**CONCLUSIONS OF LAW**

1. American Casualty has filed this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, which empowers any court of the United States "[i]n a case of actual controversy within its jurisdiction[]" to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Id*.

> The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941) (citation omitted); *see also Employers Mut. Cas. Co. v. Evans*, 76 F.Supp.2d 1257, 1260 (N.D. Ala. 1999) ("The party who seeks shelter in a federal court must show at an 'irreducible minimum' that at the time the complaint was filed, that party had 'suffered some actual or threatened injury resulting from the [other party's] conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition.'"); *see Park Place Entertainment v. Simmons*,

1999 WL 1049828, *3 (E.D. La. 1999) ("'A "controversy" in this sense must be one that is appropriate for judicial determination. A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. Where there is such a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in [] adversary proceedings upon the facts alleged, the judicial function may be appropriately exercised although the adjudication of the rights of the litigants may not require the award of process or the payment of damages.'").

2. Defendant cites to *Guaranty Nat'l Ins. Co. v. Beeline Stores, Inc.*, 945 F.Supp. 1510 (M.D. Ala, 1996) and contends that the holding in that case that the indemnification issue was premature establishes that there is no substantial controversy in this case of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. (*See* Doc. 5, Attached Brief, at 4) This Court, however, disagrees with the defendant's argument in light of

the merits determination by the *Guaranty National* court that the insurance company had no duty to defend the defendant in the underlying state lawsuit. 945 F.Supp. at 1516; *see also Cincinnati Ins. Co. v. Holbrook*, 867 F.2d 1330, 1333 (11th Cir. 1989) ("The coverage issue here was first raised in the federal forum. . . . To deny Cincinnati a declaration of its rights and obligations vis-a-vis Holbrook in relation to McWilliams would be to expose Cincinnati to a very substantial and perhaps a binding obligation for providing a defense to McWilliams without Cincinnati's knowing whether it owes any such obligation."), *abrogated on other grounds, Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).[3] In light of the allegations of this complaint, which directly place in issue whether American Casualty owes Sanders Hyland a defense, this Court finds that there is a substantial controversy between the parties which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment, notwithstanding defendant's argument to the contrary.

3. Defendant's primary argument, throughout both of its briefs, is that this Court should exercise its discretion and dismiss this action or stay

---

[3] In *Employers Mut. Cas. Co.*, *supra*, the court concluded that "it should retain jurisdiction to hear both the duty to defend and the indemnification issues." 76 F.Supp.2d at 1262.

same pending the resolution of a petition to compel arbitration that is presently before the United States District Court for the Middle District of Alabama in *W.G. Yates & Sons Construction Co. v. Ard Contracting, Inc & Sanders Hyland Corp*., Case No. 2:04-CV-664-WKW-TFM (M.D. Ala. 2004). (*See* Doc. 5, Attached Brief; Doc. 15)

4. The Declaratory Judgment Act confers upon federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton, supra*, 515 U.S. at 286, 115 S.Ct. at 2142. Indeed, the Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Id*. at 287, 115 S.Ct. at 2143 (citations omitted); *see also id*. ("When all is said and done, we have concluded, 'the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power.'").

5. In *Wilton*, the Supreme Court held that *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) governs the propriety of a district court's decision to stay a declaratory judgment action. 515 U.S. at 289-290, 115 S.Ct. at 2144. In *Brillhart*, "the Supreme

Court held that a federal court sitting in diversity, presiding over an action for declaratory relief, may exercise its discretion to dismiss the action where another suit is pending in state court, between the same parties, and presenting the same issues of state law." *Jefferson Ins. Co. of New York v. Lopez*, 2000 WL 33179290, *3 (E.D. Cal. 2000) (citation omitted); *see also Brillhart*, 316 U.S. at 495, 62 S.Ct. at 1175-1176 ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."). In *Wilton*, the Supreme Court reaffirmed its holding in *Brillhart* and determined that district courts have substantial latitude in deciding whether to stay or to dismiss a declaratory judgment suit in light of pending state proceedings. 515 U.S. at 286-288, 115 S.Ct. at 2142-2143.[4] However, the Supreme Court in *Wilton* declined to delineate the outer boundaries of a district court's discretion "in other cases, for example, cases raising issues of federal law or cases in which there are no parallel state proceedings." *Id*. at 290, 115 S.Ct. at 2144.

6. While the Supreme Court has not delineated the outer boundaries

[4] "[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Id*. at 288 n.2, 115 S.Ct. at 2143 n.2 (citation omitted).

of the discretion of a district court regarding the *Brillhart* abstention doctrine, it is clear from case law in this circuit and elsewhere that where there are no parallel state proceedings, as in the instant case, the *Brillhart* abstention doctrine is inapplicable and it is an abuse of discretion "to dismiss a declaratory judgment action in favor of a state court proceeding that does not exist." *Federal Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1235, 1247 (11th Cir. 2000); *see also ARW Exploration Corp. v. Aguirre*, 947 F.2d 450, 454 (10th Cir. 1991) (holding that a district court abused its discretion when it dismissed a declaratory judgment action after a related state court proceeding had been dismissed); *Lopez, supra*, 2000 WL 33179290, at *3 (where no parallel state proceedings exist, the *Brillhart* abstention doctrine is inapplicable).

7. In truth, the defendant, in its briefs, nowhere specifically relies upon *Brillhart* nor does it analyze the list of non-exhaustive factors delineated by the Eleventh Circuit in *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (2005) ("(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) whether the judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in

clarifying the legal relations at issue; (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"--that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable; (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better or more effective; (7) whether the underlying factual issues are important to an informed resolution of the case; (8) whether the state court is in a better position to evaluate those factual issues than is the federal court; and (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action."), that district courts should consider before determining whether to abstain from a declaratory judgment action in favor of a parallel state court action. (Doc. 5, Attached Brief; *see also* Doc. 15) Presumably, this omission was in recognition of the fact that an analysis similar to that in *Ameritas* cannot be performed in this case because of the lack of a parallel state proceeding. Nevertheless, the defendant, in citing to *Wilton* and other cases in its briefs, all of which had underlying parallel state proceedings, *Wilton, supra*, 515 U.S.

at 280, 115 S.Ct. at 2139 ("On February 23, 1993, the Hill Group notified London Underwriters of their intention to file such a suit in Travis County, Texas. London Underwriters refiled their declaratory judgment action in the Southern District of Texas on February 24, 1993. As promised, the Hill Group initiated an action against London Underwriters on March 26, 1993, in state court in Travis County. The Hill Group's codefendants in the Winkler County litigation joined in this suit and asserted claims against certain Texas insurers, thus rendering the parties nondiverse and the suit nonremovable."); *Angora Enterprises, Inc. v. Condominium Ass'n of Lakeside Village, Inc.*, 796 F.2d 384, 385 (11th Cir. 1986) ("The origins of this case lie in a state court suit filed by the Condominium Association against the condominium's developer, Joseph Kosow and, later, his assignee, Angora Enterprises."); *St. Paul Fire & Marine Ins. Co. v. Johnson Homes of Meridian, Inc.*, 2005 WL 2739141, *1 (S.D. Ala. 2005) (parallel state action pending in the Circuit Court of Choctaw County, Alabama); *Assurance Co. of America v. Legendary Home Builders, Inc.*, 305 F.Supp.2d 1272, 1273-1274 (S.D. Ala. 2004) (staying declaratory judgment action in favor of state court proceedings); *Harbor Speciality Ins. Co. v. D.W. McMillan Trust*, 2000 WL 726901, at *1 n.1 (S.D. Ala. 2000) (referencing the state action in the Circuit Court of Escambia County,

Alabama), invites this Court to effectively abstain under *Brillhart* in favor of a putatively parallel action in another federal court.

8. This Court declines the defendant's invitation to abstain from going forward with this declaratory judgment action in favor of the action filed in the Middle District of Alabama in *W.G. Yates & Sons Construction Co. v. Ard Contracting, Inc & Sanders Hyland Corp.*, Case No. 2:04-CV-664-WKW-TFM (M.D. Ala. 2004) wherein the plaintiff is seeking to compel arbitration. There is no parallel state proceeding in this matter and, therefore, the *Brillhart* abstention doctrine is inapplicable[5] and it would be an abuse of this Court's discretion under *Thomas, supra*, to dismiss or stay this action. Moreover, American Casualty is not a party to the arbitration action in the Middle District of Alabama and there is no indication that it will become a party in that action; rather, the plaintiff is simply providing Sanders Hyland with a defense in that action. This Court is unable to appreciate why it should not allow American Casualty to proceed in this case until another federal court has decided whether to compel arbitration in a case to which it is not a party. Certainly, neither the Middle District of Alabama nor an arbitration board would be able to decide

---

[5] In other words, the general reasons for abstaining do not exist in this case. *See Lopez*, *supra*, 2000 WL 33179290, at *3 (recognizing that the *Brillhart* abstention doctrine "was created to avoid duplicative litigation, forum-shopping, needless determination of state law issues by federal courts, and entanglement between state and federal courts.").

the defense and indemnity issues American Casualty has asserted in this Court since, again, at the risk of sounding like a broken record, plaintiff is not a party to the action in the Middle District of Alabama. Accordingly, this Court will exercise its discretion to declare the rights of the litigants in this matter.

**CONCLUSION**

In consideration of the foregoing, the Court **DENIES** the defendant's motion to dismiss and alternative motion to stay this action pending the resolution of a petition to compel arbitration that is presently before the United States District Court for the Middle District of Alabama in *W.G. Yates & Sons Construction Co. v. Ard Contracting, Inc & Sanders Hyland Corp.*, Case No. 2:04-CV-664-WKW-TFM (M.D. Ala. 2004) (Doc. 5).

**DONE** and **ORDERED** this the 16th day of March, 2007.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**